This case comes before the court on defendant’s motion to dismiss petition as to Showa Aluminum K.K. and defendant’s motion for judgment against Isothermics, Inc. on defendant’s counterclaim.
Plaintiffs’ claim arose out of a contract between Isother-mics and the United States Energy Research and Development Administration for the purchase by Isothermics of a nonexclusive license respecting certain patent rights owned by defendant, including a Japanese patent.
In return for such license, Isothermics was to pay a royalty fee of $5,000 plus 1 percent of net sales over $200,000 on annual sales revenue between $200,000 and $300,000. The contract also established a minimum annual royalty fee of $300.
The contract granted Isothermics the right to sublicense the patent rights in Japan. Plaintiff, Showa Aluminum, is a sublicensee under that provision.
Licensee was granted a right to sue to "enforce its license.” The patent rights in Japan have become subject to alleged infringements. Under Article 100 of the Patent and Trademark laws of Japan, a demand for cessation of infringement may be brought only by a patentee or exclusive licensee, neither one of which Isothermics is.
Isothermics sought assistance from defendant to demand a cessation of the infringements but on March 16, 1977, defendant concluded that it would not provide such assistance.
Plaintiffs filed their petition on December 1, 1977. By order of April 2, 1979, we dismissed the petition, but by order of May 1 we reinstated the petition and merely dismissed the claim, the purpose being not to foreclose defendant’s counterclaim.
Defendant filed its motion for judgment against Isother-mics on defendant’s counterclaim on July 31, 1979. *925 Plaintiff has not responded and its time for so doing has expired.
Defendant’s counterclaim is for $6,000 in royalty payments. Under the license agreement between Isothermics and defendant, royalties were to be paid on net sales of "any device that employs any or all of the subject matter covered by said 'Patent Rights’ * * * sold by its sublicensees in Japan.” By plaintiffs’ own admission in paragraph 14 of their petition, during 1976, Showa manufactured and/or sold devices valued at about $300,000 employing a licensed patent. In addition, plaintiff admitted in reply to the Standard Pretrial Order on Liability having never paid any percentage royalties "despite the fact that Iso has, through its sublicensee Showa, sold over $300,000 of equipment on which such royalties would be due.”
In sum, defendant has established its case, both factually and legally, through plaintiffs’ own admissions. As previously stated, plaintiff has filed no response to defendant’s motion for judgment on defendant’s counterclaim. In its reply to defendant’s counterclaim, filed March 13, 1978, plaintiff denied liability on the counterclaim on the grounds that in refusing to assist plaintiffs in demanding a cessation of the patent infringements in Japan, defendant breached the license agreement thereby excusing plaintiffs’ performance. Plaintiffs have provided no factual or legal support for their position. They do not allege any express contract provision or implied contract theory to found it on. The authority to the licensee to sue to "enforce its license” seems, as to Japan, nugatory, but no right to reform it is claimed or suggested. Mere unsupported assertions cannot defeat a motion for summary judgment. Rule 101(f). Defendant is entitled to judgment against Isothermics on defendant’s counterclaim.
The dismissal of the petition as to Showa Aluminum has been expressly agreed to by plaintiff, Showa, as evidenced by a Telex affixed to defendant’s motion to dismiss the petition as to Showa Aluminum.
it is therefore ordered that defendant’s motion to dismiss the petition as to Showa Aluminum is granted and the petition as to Showa Aluminum is dismissed.
it is further ordered that defendant’s motion for judgment against Isothermics, Inc. on defendant’s counter *926 claim is granted and that judgment is entered in favor of the United States against Isothermics, Inc. in the amount of $6,000.